IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 26-cv-02122-PAB

ALBERT GAPDRAFIKOV,

     Petitioner,

v.

TODD M. LYONS, Acting Director of Immigration and Customs Enforcement, in his official capacity,
GEORGE VALDEZ,[1] Field Office Director, Denver Field Office, in his official capacity,
and
JUAN BALTAZAR, Warden of the Denver Contract Detention Facility, in his official capacity,

     Respondents.

---

**ORDER**

---

This matter comes before the Court on petitioner Albert Gapdrafikov's Petition for Writ of Habeas Corpus [Docket No. 1]. Respondents filed a response. Docket No. 8.

## I. BACKGROUND[2]

Petitioner is a 42-year-old citizen of Russia. Docket No. 1 at 5, ¶ 19. On January 11, 2023, petitioner entered the United States through a designated port of entry and was granted humanitarian parole. *Id.* Petitioner has filed an application for asylum and withholding of removal and has a valid work permit. *Id.*, ¶ 20. On March 28, 2026, petitioner was cited for being intoxicated in a public place. *Id.* at 5-6, ¶ 21. The police

---

[1] Pursuant to Federal Rule of Civil procedure 25(d), George Valdez is automatically substituted as a party to this action.

[2] The following facts are taken from the habeas petition. Docket No. 1. Respondents have not disputed any facts and do not provide any facts of their own. *See generally* Docket No. 8.

contacted Immigration and Customs Enforcement ("ICE"), who subsequently detained petitioner.  *Id.*  Petitioner is being detained at the Denver Contract Detention Facility in Aurora, Colorado.  *Id.* at 6, ¶ 22.

On May 15, 2026, petitioner filed a petitioner for habeas corpus.  *See generally id.*  Plaintiff brings two claims based on his belief that he is detained pursuant to 8 U.S.C. § 1226(a).  *Id.* at 11-12, ¶¶ 46-51.  Petitioner also brings a claim under the Due Process Clause of the United States Constitution.  *Id.*  at 12-13, ¶¶ 52-61.  On June 1, 2026, respondents filed a response.  Docket No. 8.

## II.  ANALYSIS

The parties disagree as to whether petitioner's detention is governed by 8 U.S.C. § 1226 or 8 U.S.C. § 1225.  Docket No. 1 at 11-12, ¶¶ 46-51; Docket No. 8 at 2-3. Petitioner contends that his detention should be controlled by 8 U.S.C. § 1226(a). Docket No. 1 at 11-12, ¶¶ 46-51.  Petitioner notes that § 1226 permits release on bond. *Id.* at 6, ¶ 24.  Respondents, however, contend that 8 U.S.C. § 1225(b)(2)(A) applies to noncitizens like petitioner who are "present in the United States and have not been admitted."  Docket No. 8 at 3.  Respondents claim that petitioner is therefore not entitled to a bond hearing and is subject to mandatory detention.  *Id.*

On many occasions, this Court has analyzed whether § 1225 or § 1226 applies to petitioners who were detained when already present in the United States and who face removal proceedings.  *See, e.g., Moncada-Hernandez v. Trump*, No. 26-cv-00436-PAB, 2026 WL 472744, at *2-3 (D. Colo. Feb. 19, 2026); *De La Cruz v. Baltazar*, No. 26-cv-00360-PAB, 2026 WL 439217, at *2 (D. Colo. Feb. 16, 2026); *Alfaro Orellana v. Noem*, No. 25-cv-03976-PAB, 2025 WL 3706417, at *2-4 (D. Colo. Dec. 22, 2025).  In these cases, the Court has ruled that petitioners' detention is governed by § 1226.  *Id.*

Respondents acknowledge that the Court has previously analyzed this issue, conceding "the facts of this case are not materially distinguishable . . . for purposes of the Court's decision on the legal issue of whether Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)."  Docket No. 8 at 4.  Respondents state that they submit an abbreviated response "to conserve resources and expedite this Court's consideration of this case, while preserving legal arguments and reserving all of Respondents' rights including the right to appeal."  *Id.* at 2.  Respondents note that a decision in this district rejecting respondents' position has been appealed to the Tenth Circuit.  *Id.* at 4 (citing *Mendoza Gutierrez v. Baltasar*, No. 25-cv-02720-RMR, 2025 WL 2962908 (D. Colo. Oct. 17, 2025)).  "Respondents acknowledge that until the Tenth Circuit rules on this issue, the Court's prior ruling on this issue would lead the Court to reach the same result here if the Court adheres to that decision, as the facts of this case are not materially distinguishable from that case for the purposes of the Court's decision on the legal issue of whether petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)."  *Id*.  Respondents incorporate by reference the legal arguments that respondents presented in *Mendoza Gutierrez*, the case which was appealed to the Tenth Circuit.  *Id.*

The Court has analyzed the response that was submitted in *Mendoza Gutierrez*. *See Mendoza Gutierrez*, No. 25-cv-02720-RMR, Docket No. 26 (D. Colo. Sept. 16, 2025).  Not finding any additional relevant arguments that the Court has not already addressed in its past orders on this issue, the Court will grant the habeas petition for the same reasons as it did in its past orders, which respondents acknowledge do not materially differ from the present case.  Docket No. 8 at 2.  Because there is no

3

evidence that petitioner has been provided a bond hearing, his current detention violates § 1226(a).[3]  The Court will grant the habeas petition on the § 1226 claim and will order respondents to provide petitioner a bond hearing within seven days of the date of this order.[4]

### III.  CONCLUSION

Therefore, it is

**ORDERED** that petitioner Albert Gapdrafikov's Petition for Writ of Habeas Corpus [Docket No. 1] is **GRANTED**.  It is further

**ORDERED** that, within **seven days** of the date of this Court's order, respondents shall provide petitioner with a bond hearing under 8 U.S.C. § 1226(a), where the government shall bear the burden of proving that petitioner's continued detention is justified.[5]  It is further

---

[3] Because the Court will grant the habeas petition on the basis of the 8 U.S.C. § 1226(a) claims, it will not reach petitioner's due process claim.  *See Hernandez v. Baltazar*, No. 25-cv-03094-CNS, 2025 WL 2996643, at *8 (D. Colo. Oct. 24, 2025) ("the Court declines to adjudicate Petitioner's due process claim on the merits at this time because the Court grants the relief Petitioner seeks based on the applicability of § 1226(a)").

[4] The Court finds that providing a bond hearing, rather than ordering petitioner's immediate release, is the proper remedy.  *See Loa Caballero v. Baltazar*, No. 25-cv-03120-NYW 2025 WL 2977650, at *9 (D. Colo. Oct. 22, 2025) ("an immigration judge is better suited to consider whether Petitioner poses a flight risk and a danger to the community in this instance, where there is an insufficient record before this Court").

[5] "[T]he weight of authority in this District is clear: it is the Government's burden to justify a noncitizen's continued detention at a bond hearing."  *See Abanil v. Baltazar*, No. 25-cv-4029-WJM-STV, 2026 WL 100587, at *8 (D. Colo. Jan. 14, 2026) (internal quotation, alteration, and citation omitted) (collecting cases); *Arredondo v. Baltazar*, No. 25-cv-03040-RBJ, 2025 WL 4083607, at *4 (D. Colo. Oct. 31, 2025) ("the Court sides with the majority of courts in this District that have found that it is more appropriate for the government to bear the burden of proof in this context").

**ORDERED** that, within **five days** of petitioner's bond hearing, the parties shall file a status report indicating whether the bond hearing was held and whether bond was granted or denied.

DATED June 2, 2026.

BY THE COURT:

PHILIP A. BRIMMER
United States District Judge